United States District Court
Middle District of Florida
Jacksonville Division

**TROY RENARD JOHNS,**

***Plaintiff,***

**v.** **NO. 3:25-cv-886-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

***Defendant.***

---

## Order

The plaintiff moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 26. He requests $8,355.38 for 34.4 hours of work, including these line items:

- "6/20/2025 Initial call to client; case set up; paperwork sent" (0.6 hours);
- "6/20/2025 FDC Review – R/R AC denial and file; comms to cl re. appeal." (2 hours);
- "7/22/2025 Intake paperwork returned; client call to complete paperwork; file opened" (0.7 hours);
- "8/4/2025 Review/edit/file Complaint with IFP, Disclosure Statement, Notice of Related Action, and Notice of Lead Counsel Designation" (0.9 hours);
- "8/29/2025 Notice of Appearance Filed – Roberta Bowie, Attorney for Def" (0.1 hours);
- "10/1/2025 Answer & Transcript Received" (0.2 hours);

- "10/1/2025 Notice of Appearance Filed – Jennifer J Shelby, Attorney for Def" (0.1 hours);
- "10/31/2025 Plaintiff Brief Filed" (0.3 hours); and
- "1/27/2026 Plaintiff Reply Brief Filed" (0.3 hours).

Docs. 26, 26-1.

A fee applicant has the burden of showing requested rates are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine **the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation**." *Id.* (internal quotation marks omitted; emphasis added). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Besides demonstrating the reasonableness of rates, the movant must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

"Block billing" occurs when a lawyer "include[s] multiple tasks in a single time entry." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010). Block billing prevents a court from determining the amount of time spent on a particular task. *Id.* at 1377–78. "While [lawyers] cannot be expected to account for every second of their time, they should be expected to explain in discrete entries the nature of the work that they want a client or opposing party to pay them … to perform." *Id.* at 1378.

Clerical work is usually subsumed in the rate a lawyer already charges. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). Tasks like filing or e-filing documents are considered clerical and are not compensable as an attorney's fee under the EAJA. *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000).

The court **denies** the motion, Doc. 26, without prejudice. The plaintiff fails to satisfy his burden of showing the requested rates are reasonable because he provides no information about the lawyers and paralegals who worked on the case. The court is familiar with the skills, experience, and reputation of Erik Berger, Esquire (the lawyer who signed the motion and the only lawyer of record for the plaintiff in the case), but no work by him is described, and the court is unfamiliar with the skills, experience, and

reputation of those for whom fees for work is claimed. The plaintiff also fails to satisfy his burden of showing the reasonableness of the number of hours expended because he engages in block billing and requests fees for time spent performing clerical work.

Any renewed motion must be filed by **September 14, 2026**, must provide information about those for whom fees for work is claimed, and must omit block billing and clerical work.

**Ordered** in Jacksonville, Florida, on August 31, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*